NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE APPLICATION OF<br>JOELIS MOLINA,<br><br>Plaintiff/Petitioner<br><br>v.<br><br>ENDY CHAVEZ,<br><br>Defendant/Respondent. | Civil Action No.: 16-0062 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of a an application for an Order to Show Cause as to why this Court's January 22, 2016 Order should not be vacated, filed by Respondent Endy Chavez. (ECF No. 9). Specifically, Mr. Chavez is seeking an order that vacates this Court's January 22, 2016 Order that granted Petitioner relief under the Hague Convention on the Civil Aspects of International Child Abduction (see ECF No. 7, "Jan. 22, 2016 Order") and is also seeking related preliminary relief. Petitioner Joelis Molina has opposed this application. (ECF No. 11). For the reasons stated herein, this Court denies Respondent's motion to vacate the January 22, 2016 Order.

## BACKGROUND

On January 6, 2016, Petitioner filed a Verified Complaint and Order to Show Cause under the Hague Convention, pursuant to Federal Rule of Civil Procedure 65. (ECF No. 1). Petitioner, the mother of a minor child, J.M., sought an order from this Court permitting her to take her child from the United States back to Venezuela. (Id.). After reviewing Petitioner's moving papers, on January 6, 2016, this Court ordered that Respondent Endy Chavez, who is the

1

father of the minor child, appear before this Court on January 21, 2016 to show cause as to why the child should not be returned to Venezuela. (ECF No. 3, "January 6, 2016 Order" or "Order to Show Cause"). The Court further ordered Respondent to submit any opposition papers by January 15, 2016. (Id. ¶ 3).

Respondent did not file an opposition to Petitioner's application for relief prior to the January 21, 2016 hearing. On January 19, 2016, Petitioner filed a Return of Service indicating that Mr. Chavez was personally served with the "summons, verified complaint, civil cover sheet, verification, certification, exhibits, order, order to show cause, brief, [and] letter to U.S. District Court Clerk" on January 7, 2016. (ECF No. 5).

On January 21, 2016, a hearing on Petitioner's application for relief under the Hague Convention was held before the undersigned. Respondent did not appear for the hearing, nor did any attorney appear on his behalf. During the course of the hearing, several exhibits were admitted into evidence which support the Petitioner's allegations that Respondent unlawfully removed the child from her habitual residence of Venezuela without Petitioner's permission or consent. Namely, Petitioner submitted a custody agreement (Exhibit P2) entered into by the parties on April 29, 2013 and executed by a judicial officer of Venezuela, which indicated the parties' intent that the child shall reside with her mother in Venezuela. Petitioner also submitted records of the child's attendance at a school in Venezuela in or around January 2015, further demonstrating Venezuela to be the child's habitual residence. (Exhibit P4). A copy of the child's passport shows that the child was removed from Venezuela on February 6, 2015 (Exhibit P6), and a text message from Respondent dated February 9, 2015 includes an admission that he took the child to the United States (Exhibit P7).

2

In addition to this evidence, the Court heard testimony from Ms. Molina, which testimony the Court deemed credible and substantiated by the evidence. Ms. Molina testified that the child was lawfully residing with her in Venezuela at the time that Respondent took the child to the United States, and that the child was engaged in her community in Venezuela. Ms. Molina further testified that she never gave Respondent permission to remove the child from Venezuela.

After reviewing the documents entered into evidence during the hearing and listening to Petitioner's testimony, the Court found that "Respondent unlawfully removed the minor child, J.M., from her habitual residence in Venezuela, in breach of Ms. Molina's custody rights during a time when Ms. Molina was exercising those rights." (Jan. 22, 2016 Order at 2). Accordingly, the Court found that Petitioner made a *prima facia* case for relief under the Hague Convention, and that Mr. Chavez failed to assert any opposition or defenses thereto.

In light of these findings, the Court entered an Order, that, among other things, granted Petitioner's request for relief under the Hague Convention, permitted the Petitioner to return J.M. to Venezuela, and granted Petitioner "immediate temporary physical custody of the minor child in the United States until the travel arrangements are made to fly from the United States to Venezuela." (Id. at 3).

On January 26, 2016, Mr. Douglas Kinz, counsel for Respondent, filed a letter on the docket, addressed to Petitioner's counsel, Ms. Kathleen Garvey. (ECF No. 8). In said letter, Mr. Kinz informed Ms. Garvey that neither he nor his client were ever served with a signed copy of the January 6, 2016 Order requiring Respondent's presence at the January 21, 2016 hearing. (Id.). Aside from filing this attorney correspondence on January 26, 2016, Respondent did not

file any request for relief from this Court's January 22, 2016 Order until February 1, 2016. (ECF No. 9).

In his February 1, 2016 application, Respondent requests that the Court's January 22, 2016 Order be vacated under Federal Rule of Civil Procedure 60(b). (ECF No. 9-2, "Resp.'s Mov. Br. at 8-13). Petitioner filed opposition papers on February 8, 2016 (ECF No. 11). On or about February 9, 2016, this Court received, via regular mail, two reports that were filed in the custody action filed by Mr. Chavez in New Jersey Superior Court.[1] Having been fully briefed, this matter is now ripe for the Court's adjudication.

## LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, the Rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] In his cover letter to the Court attaching these reports, Respondent's attorney explained that he has not electronically filed these documents as "they were prepared under State Court protective order, and should not be viewed by the public." The Court notes that per the State Court's Order attached to the reports, these reports "may not be used in any other matter without the express written permission of the Court." As Respondent has not submitted any proof that the State Court sanctioned his use of these reports in this matter, the Court declines to discuss the reports herein. However, the Court has reviewed the reports, and finds that they only further support Ms. Molina's claim for relief under the Hague Convention.

4

>   (6) any other reason that justifies relief.
>
>   Fed. R. Civ. P. 60(b).

Respondent here seeks relief under Rule 60(b)(4), (b)(6) and (b)(1). (Resp.'s Mov. Br. at 9-14).

### A. Respondent's Request to Vacate the Court's January 22, 2016 Order under Rule 60(b)(4) is Denied

Mr. Chavez contends that relief from the January 22, 2016 Order is appropriate under Rule 60(b)(4) because the judgment was "void" as a violation of due process. (Resp.'s Mov. Br. at 9-10). Specifically, Respondent argues that he was never served with a signed copy of this Court's January 6, 2016 Order notifying him of the January 21, 2016 hearing date and that he therefore did not have the opportunity to present for the hearing. (Id.).

In support of Mr. Chavez's argument that he was never served with a signed Order, he directs the court to a number of factors that he believes undermine the position of Petitioner's attorney that Mr. Chavez was in fact served with a signed order to show cause. (Id.). These factors are: (1) the fact that "[t]he Verified Complaint and accompanying documents that were sent by e-mail on January 6, 2016 to [Respondent's] counsel and the child's guardian ad litem did not include a signed Order to Show Cause" and that Ms. Molina "acknowledges that the signed Order to Show Cause was never served on either the [Respondent's] attorney or the guardian ad litem"; (2) the Return of Service prepared by Petitioner's process server, Guaranteed Subpoena Service, does not indicate that the Order to Show Cause that was served was signed; (3) the papers served on defendant were the same as those served the day prior on his attorney; (4) Petitioner's failure to serve the guardian ad litem appointed by the State Court in the custody proceeding in accordance with the State Judge's order that all documents filed in the Hague Convention matter shall be filed upon all counsel; and lastly, (5) that Respondent's failure to appear was inconsistent with his having vigorously litigated the custody matter. (Id.) (emphasis in original).

5

Further, Mr. Kinz has submitted a certification stating that he was never served with a signed Order to Show Cause. (ECF No. 9-3, "Kinz Cert." ¶ 6).[2] According to Mr. Kinz, when Mr. Chavez contacted Mr. Kinz after being served with Petitioner's papers on January 7, 2016, Mr. Kinz "specifically asked [Respondent] whether he was served with actual [sic] signed Order to Show Cause, or a proposed Order to Show Cause in blank," to which Respondent stated that he was served with a blank Order. (Id. ¶ 4) (emphasis in original). Mr. Chavez also certified that he was served with a blank order to show cause and confirmed Mr. Kinz's recitation of their January 7, 2016 conversation. (ECF No. 9-4, "Chavez Cert." at 1, 16 ¶ 37).

Petitioner's counsel maintains that Respondent was served with a signed Order to Show Cause. (ECF No. 11-5, "Petr.'s Opp. Br. at 7). In support of this argument, Petitioner has filed a certification of Ms. Garvey's legal assistant, Giselle Villalta. (ECF No. 11-4, "Villalta Cert."). Ms. Villalta certified that on January 7, 2016, after arranging for service of process with Guaranteed Subpoena Services, Inc., she downloaded a pdf of the signed Order to Show Cause and e-mailed to Guaranteed Subpoena the signed Order, along with other papers to be personally served on Mr. Chavez. (Id. ¶¶ 4-6). Ms. Villalta further certified that after receiving Mr. Kinz's letter indicating that his client received a blank Order to Show Cause, Ms. Villalta "reviewed each and every document attached to the January 7, 2016 e-mails to Guaranteed Subpoena." (Id. ¶ 7). A review of these e-mails showed that a signed Order to Show Cause was attached to the third e-mail sent to Guaranteed Subpoena, and further, that a blank Order to Show Cause was never sent to Guaranteed Subpoena. (Id.). On February 2, 2016, Ms. Villalta spoke with Ms. Donna Ciullo, the Supervisor with Guaranteed Subpoena. (Id. ¶ 8). Ms. Villalta certified that

---

[2] It is undisputed that on January 6, 2016, Ms. Garvey served Mr. Kinz with Petitioner's moving papers and that, upon receipt of same, Mr. Kinz's office notified Ms. Garvey that Respondent should be personally served as Mr. Kinz had not yet been retained in the Federal action. (Kinz Cert. ¶ 3; Petr.'s Opp. Br. at 2).

6

"Ms. Ciullo confirmed receipt of the email with the signed Order to Show Cause in their system, which was given to the process server and served on Mr. Endy Chavez." (Id.).

Ms. Villalta's certification is substantiated by certifications of Ms. Ciullo herself as well as John Obie, the process server. (See ECF No. 11-2, "Ciullo Cert."; ECF No. 11-3, "Obie Cert."). Ms. Ciullo "personally reviewed the documents on [Guaranteed Subpoena's] server and confirmed that one of the documents to be served was an Order to Show Cause signed by Judge Linares." (Ciullo Cert. ¶ 6). Ms. Ciullo also confirmed that a blank Order to Show Cause was never sent to Guaranteed Subpoena. (Id.). Moreover, Mr. Obie certified that he personally served the signed Order to Show Cause upon Respondent and executed a Return of Service attesting to same. (Obie Cert. ¶¶ 4, 6).

Having reviewed the certifications submitted and arguments offered by both parties, the Court is satisfied that Respondent was served with a signed copy of the Order to Show Cause. Petitioner has successfully established, through the certifications of three individuals who directly handled the signed Order to Show Cause, that Respondent was served with a signed Order. Accordingly, the Court declines to credit Respondent's statements that he was never served with a signed copy of this Court's Order to Show Cause and will therefore deny Respondent's motion to vacate this Court's January 22, 2016 Order under Rule 60(b)(4).

### B. Respondent's Request to Vacate the January 22, 2016 Order under Rule 60(b)(1) is Denied.

Respondent argues that in the event the Court finds that he was properly served with a signed Order to Show Cause, the Court should nonetheless vacate its January 22, 2016 Order under Rule 60(b)(1) on the grounds of "excusable neglect." (Resp.'s Mov. Br. at 13). The determination of whether vactur based upon "excusable neglect" is proper "is[, ] at bottom[,] an equitable one, taking account of all relevant circumstances surrounding the party's omission."

7

*Pioneer Inv. Services Co. v. Brunswick Assoc.'s Ltd Partnership*, 507 U.S. 380, 395 (1993); *see also In re Cendant Corp. PRIDES Litigation*, 235 F.3d 176, 181-82 (3d Cir. 2000).

Among any other relevant factors, courts deciding whether negligence was "excusable" should consider "the danger of prejudice to [the non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395; *see also George Harms Const. Co., Inc. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004)).

Respondent contends that these factors weigh heavily in his favor. (Resp.'s Mov. Br. at 14). Specifically, Mr. Chavez argues that Petitioner would not be prejudiced from an order vacating this Court's January 22, 2016 Order given the short period of time between the January 22, 2016 Order and the filing of Respondent's motion to vacate. (Id.). Respondent further argues that "the length of delay due to [his] failure to respond to the Order to Show Cause was minimal, and has not had a material impact on the judicial proceedings, with the exception of the hearing that took place on January 21st." (Id.). Lastly, Mr. Chavez contends that he acted in good-faith by permitting his attorney to file the instant motion immediately after learning about the Court's January 22, 2016 Order. (Id.).

Petitioner, for her part, argues that an order setting aside the January 22, 2016 Order would prejudice Ms. Molina who "has made arrangements to travel with the [C]hild back to Venezuela." (Petr.'s Opp. Br. at 4). Moreover, Petitioner notes that she has lived in the United States and away from her home since March 17, 2015, while trying to resolve this custody dispute. (Id.).

8

The Court declines to vacate the January 22, 2016 Order on the grounds of "excusable neglect." At the outset, the Court notes that Hague Convention cases are to be resolved expeditiously in order to "secure the prompt return of children wrongfully removed to or retained in any Contracting State." Hague Convention, Art. 1; *see also Baxter v. Baxter*, 423 F.3d 363, 367 (3d Cir. 2005). Consistent with the Hague Convention's aim, this Court has moved expeditiously to resolve Petitioner's application for relief. Indeed, on January 6, 2016, the same day that Petitioner's complaint and application for relief was hand-delivered to this Court, the Court reviewed Petitioner's moving papers and held a hearing on this matter. (See ECF Nos. 1, 4). After reviewing Petitioner's papers and hearing from Petitioner's counsel, the Court entered an Order to Show Cause that set a hearing date for January 21, 2016. (ECF No. 5). Then, on the day immediately following the January 21 hearing, this Court, after considering the exhibits and testimony submitted at the prior day's hearing, entered the January 22, 2016 Order granting Petitioner's requested relief.

Having already determined that Mr. Chavez was properly served with a signed Order to Show Cause on January 7, 2016, the Court finds that the delay in filing the instant motion until February 1, 2016 is unacceptable and that any further delay would unduly prejudice Petitioner. Since the Court's January 22, 2016 Order, Petitioner, a Venezuelan citizen who entered the United States nearly a year ago in order to secure the return of her Child and defend a custody suit filed against her, has made arrangements to bring the Child back to Venezuela. (See Petr.'s Opp. Br. at 4). Consistent with the goals of the Hague Convention, the Court declines to prolong the period that Petitioner must remain in the United States any longer.

### C. Respondent's Request to Vacate the January 22, 2016 Order under Rule 60(b)(6) is Denied

Finally, Respondent argues that this Court should vacate the January 22, 2016 Order under Rule 60(b)(6). (Resp.'s Mov. Br. at 11-13). "Rule 60(b)(6) exists so that courts may 'vacate judgments whenever such action is appropriate to accomplish justice' . . . in situations that are not addressed by the other five clauses of Rule 60(b)." *Budge Blinds, Inc. v. White*, 536 F.3d 244, 254 (3d Cir. 2008) (quoting *Klapprott v. United States*, 335 U.S. 601, 614 (1949)). The Third Circuit has stated that "[r]ule 60(b)(6) is available only in cases evidencing extraordinary circumstances." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975).

> Courts considering a Rule 60(b)(6) motion to vacate are guided by several factors, including:
>> (1) The general desirability that a final judgment should not be lightly disturbed; (2) the procedure provided by Rule 60(b)(6) is not a substitute for an appeal; (3) the Rule should be liberally construed for the purpose of doing substantial justice; (4) whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; (5) whether there are any intervening equities which make it inequitable to grant relief; (6) any other factor that is relevant to the justice of the [order] under attack.

*Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986) (internal quotations and alterations omitted).

Respondent contends that a review of these factors militate towards vacatur of this Court's January 22, 2016 Order. (Resp.'s Mov. Br. at 11-13). Indeed, Respondent argues that "substantial justice" requires that the Order be overturned to give Mr. Chavez the right to have these custody issues decided on the merits of the case. (Id. at 12). Respondent adds that were this Court to deny his request for vacatur, the Court would be condoning what he believes to be the "gamesmanship, if not outright chicanery" of Petitioner and her attorney in: (1) allegedly failing to serve a signed Order to Show Cause; (2) permitting the hearing to go forward without Respondent; and (3) not complying with the State Court's directive to serve all papers in this matter upon all counsel. (Id.). Further, Respondent contends that "extraordinary circumstances" exist for vacating this Court's January 22, 2016 Order where the effect of same would be "to

10

compel a U.S. citizen who has lived in this country for the better part of nearly two years, and who by all accounts has thrived in her [New Jersey] home, to return to a country where there is rampant crime, civil unrest and economic deprivation" and where "the [C]hild [will be] exposed to substantial danger and privation." (Resp.'s Mov. Br. at 12-13). Respondent contends that this result would run counter to "the recommendations of the child's guardian ad litem, the two experts on Venezuelan affairs who were retained by the guardian ad litem and defendant's counsel, and a court-appointed psychologist who conducted a detailed custody evaluation." (Id.).

At the outset, the Court rejects Respondent's suggestion that this case was not decided on merits. This is not a case where the Court entered a default judgment against Respondent for his failure to respond to Petitioner's application or for his failure to appear. Rather, prior to issuing its January 22, 2016 Order, the court carefully reviewed Petitioner's application and all papers submitted therewith. The Court also held a hearing during which it required Ms. Molina's attorney to put forward a case as to why Petitioner is entitled to relief under the Hague Convention. After reviewing all of the evidence before it, and finding the testimony of Ms. Molina credible, the Court found that "Petitioner ha[d] made a *prima facia* case for relief under the Hague Convention and no opposition or defenses have been filed or otherwise asserted by Respondent." (Jan. 22, 2016 Order at 2).

In any event, Respondent has not directed this Court to any case law suggesting that he has a defense under the Hague Convention. Rather, elsewhere in his moving brief (see Resp.'s Mov. Br. at 15-17) Respondent makes generalized arguments that Venezuela is not a safe place for the Child and that Ms. Molina had transferred residential custody. The thrust of Respondent's substantive argument appears to be that it is in the best interests of the child to remain in New Jersey. (See Resp.'s Mov. Br. at 4-6).

11

Yet, to the extent that Respondent argues that it is in the best interests of the Child that the Child remain in New Jersey, his argument misses the mark. This Court declines the invitation that Respondent appears to extend to determine which country the Child is more likely to thrive in. It is not the role of a Federal Court hearing a Hague Convention case to settle custody disputes. *Baxter*, 423 F.3d at 367. Rather, it is the role of a Federal Court "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Hague Convention, Art. 1. The Court has already found, and the parties do not dispute, that the parties entered into a custody agreement in the Venezuelan Judicial Circuit Court on April 24, 2013, which permitted Ms. Molina to exercise residential custody over the Child. (Jan. 22, 2016 Order at 2; Resp.'s Br. at 2; ECF No. 1-2, "Petr.'s Mov. Br. at 2).[3] Accordingly, the Court finds that this action is more properly before the Venezuelan courts, and declines to alter its January 22, 2016 Order to that effect.[4]

## CONCLUSION

For the reasons stated herein, the Court denies Respondent's motion to vacate this Court's January 22, 2016 Order. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: February _16_, 2016

---

[3] The Court is aware of Respondent's argument that Ms. Molina executed a document "in order to memorialize the agreement to transfer custody" to Mr. Chavez. (Resp.'s Mov. Br. at 2-3; ECF No. 9-5, Exh. B). At the January 21, 2016 hearing, Ms. Molina testified that she signed a certification but that she was not aware that the certification she signed stated that she agreed to transfer custody rights to Mr. Chavez. The Court has found Ms. Molina's testimony on this point to be credible.

[4] As the Court denies Respondent's motion to vacate, the Court also denies Mr. Chavez's related request for preliminary injunctive relief. (See Resp.'s Mov. Br. at 14-16).

/s/ Jose L. Linares
_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

13